## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CONCORDIA PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Docket no. 2:13-cv-415-GZS |
| | ) |
| MARCELLE PICK & PICK ENTERPRISES, LLC,, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3). For reasons briefly explained herein, the Court hereby DENIES the Motion to the extent it seeks a temporary restraining order and RESERVES RULING to the extent that the Motion seeks a preliminary injunction.

**I.      STANDARD OF REVIEW**

In its truest form, a temporary restraining order ("TRO") is issued without the adverse party having had any opportunity to respond or even having written or oral notice of the motion. The Court may grant this extraordinary remedy "only if" the specific requirements of Federal Rule of Civil Procedure 65(b)(1) are met. Even when these requirements are met, the Court may only issue a TRO for up to 14 days and must expedite its consideration of the request for preliminary injunction thereby giving the adverse party a chance to be heard regarding the impact of the requested injunctive relief. See Fed. R. Civ. P. 65(b)(2) & (3).

Once the opposing side has had both notice and an opportunity to respond, "the standards for issuing a TRO are substantively similar to those for a preliminary injunction." Fairchild

Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc., 564 F. Supp. 2d 63, 66 (D. Me. 2008) (citing 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2951 (1995 & Supp. 2008)); see also, e.g., Michalowski v. Head, No. CV-10-278-B-W, 2010 WL 2757359, at *2 (D. Me. July 12, 2010).  Plaintiff, as the moving party, bears the burden of persuasion to show:  "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest."  Iantosca v. Step Plan Servs., Inc., 604 F.3d 24, 29 n.5 (1st Cir. 2010) (citation omitted).  Even with the benefit of notice and an opportunity to respond, "[a] preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right."  Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (citing Voice of the Arab World, Inc. v. MDTC Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

**II.     DISCUSSION**

At the core of the pending dispute is the operation and content of a website: www.womentowomen.com.  Plaintiff previously operated a website at this address pursuant to the License Agreement (ECF No. 1-1) it had with Defendants (hereinafter "License Agreement').  Plaintiff sold various products through the website.  Following Concordia's filing of a state lawsuit involving whether Defendants had breached the License Agreement, Defendants redirected the womentowomen.com website.  Beginning on October 24, 2013, Defendants launched a new website at womentowomen.com, which advertises a medical practice for Defendant Marcelle Pick.  As Plaintiff acknowledges, the website as currently maintained by

2

Defendants does not display any products for sale.  However, Plaintiff asserts that the website "states that it will soon be selling healthcare products, possibly in competition with the products Concordia sells." (Bilodeau Decl. ¶36.)  Even in the absence of competing sales, Plaintiff maintains the website, as now maintained by Defendants, causes harm to Plaintiff's business.  Specifically, in this case, Plaintiff claims the current womentowomen.com website violates Concordia's copyrights and consists mostly of content copied from Concordia websites.

Having reviewed the entirety of Plaintiff's written submission, Plaintiff's Motion does not satisfy the requirements for a temporary restraining order under Rule 65(b).  Rather, the specific facts in Plaintiff's Motion do not "clearly" show that Plaintiff will suffer immediate and irreparable injury "before the adverse party can be heard in opposition," particularly given the Court's ability and willingness to hear the request for preliminary injunctive relief on an expedited basis.  Fed. R. Civ. P. 65(b)(1).

The Court notes that there is no basis for concluding that Plaintiff needs "ex parte" relief.  While filing the pending motion after business hours on November 8, 2013, Plaintiff waited until November 12, 2013 to file the required certification of notice (ECF No. 6).  This certification indicates that Plaintiff first attempted informal notice by email to Defendant Marcelle Pick and the resident agent for Pick Enterprises LLC on November 12, 2013, and has not yet completed formal service of the filings on both Defendants.[1]  Plaintiff also previously sent cease and desist letters to Defendant Pick on October 28, 2013 (ECF No. 3-4) and, again, on October 30, 2013 (ECF No. 3-5).  In short, it appears the parties have been in communication regarding the activities that Plaintiff seeks to restrain.

---

[1] This certification offers no explanation of why no attempts were made to informally notify Defendants of the request for a temporary restraining order in the three days between when the motion was sent to the Court (after hours on November 8, 2013) and today.

The Court is not able to determine what, if any, objections Defendants may have to removing the forty-one copyrighted articles as well as "other copyrighted articles"[2] from the websites currently maintained by Defendants. (See Pl. Motion for TRO (ECF No. 3) at 17.) With respect to the forty-one specific copyrighted articles for which Plaintiff seeks a TRO, the record reflects that these copyright applications were filed between November 4, 2013 and November 8, 2013. (See Copyright Applications (Exs. B & C (ECF Nos. 1-2 & 1-3).) To the extent that Defendant Marcelle Pick is listed as the author on many of these applications, Plaintiff's valid copyright rights to said articles requires interpretation of the License Agreement. On the current record, it appears the License Agreement is also the subject of state court litigation between the parties that Plaintiff filed on March 29, 2013. (See McKinnon Decl. ¶¶ 9 & 13.) While the Court recognizes its exclusive jurisdiction under 28 U.S.C. § 1338, the existence of ongoing state litigation between the parties might require this Court to abstain from taking action on Plaintiff's request for injunctive relief.

Having concluded that the record as a whole does not support relief under Rule 65(b), the Court hereby DENIES Plaintiff's Motion for Temporary Restraining Order and RESERVES RULING on Plaintiff's request for a preliminary injunction. The matter shall be scheduled for a conference with the Court as soon as practicable at which the Court will discuss setting a deadline for Defendants' response to the motion for preliminary injunction, setting a possible hearing on the preliminary injunction and any abstention issues related to the state court litigation.

---

[2] It is not clear that this latter category of "other copyrighted articles" describes with specific or reasonable detail the materials that Defendants would be required to take off of any website they may be operating. (See Bilodeau Decl. ¶ 27 (explaining that "other copyrighted articles" are "not part of the 41 copyrighted articles" but have been otherwise found on the Pick website and were copied from Concordia's websites).)

To assist the Court in determining whether abstention is warranted, Plaintiff is hereby ordered to file with the Court a copy of the state court complaint, the state court docket and any orders issued by the state court hearing that case as well as a brief summary of the status of that litigation.  This submission shall be made as soon as possible and no later than noon on November 15, 2013.

Plaintiff is hereby ordered to serve a copy of this Order by the same informal and formal mechanisms it is using to serve its other filings on Defendants.  A certification of service shall be filed detailing the time and manner in which this service was completed.

SO ORDERED.

      /s/ George Z. Singal  
      United States District Judge

Dated this 12th day of November, 2013.