UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CONCORDIA PARTNERS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:13-cv-415-GZS |
| | ) |
| MARCELLE PICK & PICK | ) |
| ENTERPRISES, LLC, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss (ECF No. 13). For reasons briefly explained herein, the Court DENIES the Motion.

## I. STANDARD OF REVIEW

Defendants' Motion claims the pending Complaint fails to sufficiently state a basis for subject matter jurisdiction and fails to state a claim upon which relief can be granted. As a result, Defendants seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) & (6).

With respect to Rule 12(b)(1), a court must dismiss a case that does not fall within its subject matter jurisdiction. Thus, faced with a challenge to subject matter jurisdiction, the burden falls on the party invoking jurisdiction "clearly to allege facts demonstrating that he is a proper party to invoke federal jurisdiction." Marcello v. Maine, 464 F. Supp. 2d 38, 41 (D. Me. 2006) (citing Dubois v. United States Dep't of Agric., 102 F.3d 1273, 1281 (1st Cir. 1996)). Furthermore, the Court may consider extrinsic materials when considering a motion to dismiss under Rule 12(b)(1). See Marcello, 464 F. Supp. 2d at 41 (citing Aversa v. United States, 99 F.3d 1200, 1209–10 (1st Cir. 1996) ("In ruling on a motion to dismiss for lack of subject matter

jurisdiction ... the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff.... In addition, the court may consider whatever evidence has been submitted....")).

After determining that subject matter jurisdiction exists, the Court can consider the legal sufficiency of the complaint under Rule 12(b)(6). In considering the merits of a motion asserting that a complaint fails to state a claim, the Court assumes the truth of the Complaint's well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). While "detailed factual allegations" are not necessary, the complaint must contain more than "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court must determine whether the complaint has "sufficient factual matter ... to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 555 U.S. at 570) (internal quotations omitted). Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint." United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted). However, "when a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it." Id.

## II. DISCUSSION

Count I of Plaintiff's Complaint asserts a claim for copyright infringement, a claim over which this Court has exclusive jurisdiction. 28 U.S.C. § 1338(a). Defendants assert that in the absence of actual copyright registrations, Plaintiff cannot proceed with the copyright infringement claim asserted in the Complaint. In this case, the Complaint alleges only that

2

Concordia applied for copyright registrations prior to filing the Complaint and in fact attaches those registrations to the Complaint. (See Compl. (ECF No. 1) ¶¶ 32, 35-37 & Exs. C-F.)

With respect to Defendants' subject matter jurisdiction argument, the Supreme Court has clearly held that the any registration requirement stated in 17 U.S.C. § 411(a) does not impact the Court's subject matter jurisdiction. Reed Elsevier, Inc. v. Muchmick, 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions. . . . Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents.") Therefore, the Court summarily denies Defendants' argument that this action must be dismissed for lack of subject matter jurisdiction.

The Court is left to consider whether the Complaint nonetheless fails to state a claim because Section 411(a) explicitly states, in relevant part: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Recognizing, as the parties do in their papers, that the First Circuit has not definitively answered this question; it still appears that a majority of the courts to face the question have adopted an "application approach." See, e.g., Cosmetic Ideas, Inc. v. IAC/Interactivecorp., 606 F.3d 612, 615-21 (9th Cir. 2010) (holding that "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)"); Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application."); Panoramic Stock Images, Ltd. v. McGraw-Hill Companies, Inc., Docket No. 12 C

3

9881, 2013 WL 4047651 (N.D. Ill. Aug. 9, 2013) (acknowledging circuit split but collecting cases and concluding that the Seventh Circuit appears to have adopted "the application approach"); Alicea v. LT's Benjamin Records, 762 F. Supp. 2d 299, 305 (D. Mass. 2011) (adopting application approach on a motion to dismiss); Foraste v. Brown Univ., 248 F. Supp. 2d 71, 77 (D.R.I. 2003) (noting that under 17 U.S.C. § 410(d) "registration occurs *on the day* the Copyright Office receives all of the necessary application materials (application, deposit, and fee)").[1] The Court finds persuasive the reasoning and holdings contained in these cases, particularly in light of the holdings and additional guidance provided by the Supreme Court in Reed Elsevier. See 559 U.S. at 165. Applying those just-cited cases to the Complaint in this matter, the Court finds that Plaintiff has adequately stated a claim for copyright infringement. As Defendants acknowledge, Plaintiff has alleged that they have applied for copyright registration and satisfied all of the necessary formalities to obtain the registration certificates. Without stating any opinion on what, if any, impact a lack of an actual registration might have on the remedies available to Plaintiff or at any later procedural juncture in this case, the Court is amply satisfied that the Complaint need not be dismissed for failing to state a claim. See, e.g., Kernel Records Oy v. Mosley, 694 F.3d 1294, 1302 (11th Cir. 2012) ("As an absolute limit, if the Copyright Office has failed to receive the necessary elements to issue a registration certificate . . . prior to the time that the court is called upon to issue final judgment, the action must be dismissed. Given the lax standards involved . . . that requirement will never thwart a

---

[1]Contra, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d 1195, 1205 (10th Cir. 2005) ("[T]he statute requires more: actual registration by the Register of Copyrights. Until that happens, an infringement action will not lie in the federal courts."); N. Jersey Media Grp. Inc. v. Sasson, CIV. 2:12-3568 WJM, 2013 WL 74237 (D.N.J. Jan. 4, 2013) (adopting the "registration approach" after "considering the limited case law in the Third Circuit decided post-Reed Elsevier").

4

determined plaintiff.") (internal quotations and citations omitted), <u>cert. denied,</u> 133 S. Ct. 1810 (2013).

### III.   CONCLUSION

Therefore, Defendants' Motion is Dismiss (ECF No. 13) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 23rd day of December, 2013.